UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY BUCHANON,

        Petitioner,
  v.                                       9:21-CV-0842
                                                  (MAD)
KODGER, Acting Warden,

        Respondent.
_____

APPEARANCES:                                      OF COUNSEL:

ANTHONY BUCHANON
Petitioner, pro se
05722-052
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

Petitioner Anthony Buchanon, presently in the custody of the Bureau of Prisons ("BOP"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1, Petition ("Pet."). On July 27, 2021, the action was administratively closed due to petitioner's failure to properly commence it. Dkt. No. 2, Administrative Closure Order. Petitioner was advised that if he desired to pursue this action he must so notify the Court and either (1) pay the filing fee of five dollars ($5.00), or (2) submit a completed, signed, and properly certified in forma pauperis ("IFP") application, within thirty (30) days of the filing date of that Order. *Id*. at 2.[1]

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

On August 18, 2021, the Court received the statutory filing fee. Dkt. No. 3, Letter; Dkt. Entry for 8/18/21 (identifying receipt information for filing fee transaction). The case was reopened. Dkt. No. 4, Text Order (reopening case).

For the reasons which follow, the petition is transferred to the District of New Jersey.

## II.  RELEVANT BACKGROUND

The government recently outlined petitioner's criminal history and the procedural posture of his case in their response to petitioner's pending motions, filed in his federal criminal action, to reduce or resentence him. *See United States v. Buchanon*, No. 1:94-CR-0203 (FJS) ("*Buchanon I*"), Dkt. Nos. 99-101. As is relevant to the present petition,

> On June 3, 1996, the [Northern District of New York] entered judgment, after a jury trial, sentencing [petitioner] to a term of 151 months imprisonment to be followed by five years of supervised release. *See* [*Buchanon I*,] Dkt. No. 57. After granting the Government's Rule 35 motion, the Court re-sentenced [petitioner] and, on January 22, 1998, entered judgment sentencing [petitioner] to a term of 78 months imprisonment to be followed by five years of supervised release. *See* [*Buchanon I*,] Dkt. No. 74.
>
> On August 21, 2002, the United States Probation Office filed a Petition for Warrant and Order, advising the Court that [petitioner] had violated the conditions of supervised release by committing several state crimes for which he was sentenced, after a jury trial, on July 19, 2002, and recommending that the Court revoke the term of supervision. *See* [*Buchanon I*,] Dkt. No. 76. . . . On November 1, 2002, the Court entered a judgment on revocation, sentencing [petitioner] on violation 1 to a term of 36 months imprisonment imposed to run consecutively to the state term of imprisonment [petitioner] was then serving. *See* [*Buchanon I*,] Dkt. No. 83.
>
> . . . [Petitioner] admitted/pled guilty to, [and] on July 19, 2002, . . . was convicted and sentenced in Albany County Court of Criminal Possession [of a] Controlled Substance [in the] First Degree . . . upon which he was sentenced to 21 years to life imprisonment; Criminal Possession of a Narcotic Drug (2 counts) . . ., upon which he was sentenced to 12 ½ - 25 years; Criminal Use [of] Drug

> Paraphernalia [in the] Second Degree . . . , sentenced to one year jail; Criminal Possession [of a] Controlled Substance Second Degree . . . , sentenced to 12 ½ years to life imprisonment; Criminal Possession [of a] Weapon [in the] Third Degree (Loaded Weapon) . . ., sentenced to 5 and 7 years; Criminal Possession [of a] Weapon [in the] Third Degree (previous felony conviction) . . . sentenced to 3 ½ - 7 years imprisonment. [Petitioner] was convicted of 10 counts in total at the state court trial . . . counts 1-6 were imposed to run concurrently to each other; counts 7-10 were imposed to run concurrently, but counts 7-10 were imposed to run consecutively to counts 1, 2, 5, and 6. See [Buchanon I,] Dkt. No. 76.

*Buchanon I*, Dkt. No. 102, Response in Opposition, at 1-2.

## III.  THE PETITION

Petitioner argues here, as he is presently arguing in his federal criminal case, that the three-years time to which he was sentenced for violating his federal supervised release should have run concurrent with his state court conviction so that said period of incarceration had concluded. Pet. at 6-7; *see also Buchanon I*, Response in Opposition, at 2. Liberally construing the claims, petitioner argues that when his state sentence was reduced, from 28 years to life to 23 years, and he was released from state custody – because he had already been incarcerated for 20 years – he should also have been released from his federal conviction. Pet. at 6; *Buchanon I*, Response in Opposition, at 2-3. Accordingly, petitioner seeks relief in the form of either re-sentencing or release from custody given the state court's decision to decrease the length of his incarceration. Pet. at 6-7; *Buchanon I*, Response in Opposition, at 2-3.

In *Buchanon I*, petitioner's motions requesting resentencing and release have been responded to and now are before the Court awaiting decision. *See Buchanon I*, Dkt. Nos. 99-102.

3

In the instant petition, petitioner acknowledges that he has not attempted to appeal his decision or file a grievance. Pet. at 2. Specifically, petitioner explained that he "did not appeal because [he] thought the violation would run concurrently." *Id.* Petitioner also acknowledges that no subsequent applications for leave to appeal have been filed "[b]ecause no first [or second] appeal was filed." *Id.* at 3.[2]

## IV. DISCUSSION

Habeas corpus relief is available if a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). A petition is properly brought pursuant to 28 U.S.C. § 2241 where a federal prisoner challenges the execution of his or her sentence, rather than the imposition of the sentence. *See Adams v. United States*, 372 F.3d 132, 134-35 (2d Cir. 2004); *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). Execution of a sentence includes, among other things, prison disciplinary actions, loss of GTC, and the computation of the sentence, and thus a § 2241 petition is the proper means to challenge said actions. *Adams*, 372 F.3d at 135 (citing *Nash*, 245 F.3d at 146); *see also Cook v. N.Y.S. Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003) (explaining that a petitioner can use 2241 to challenge a federal official's computation of a sentence,

---

[2] Because the Court is transferring the action to the District of New Jersey, it did not explore whether petitioner successfully exhausted his remedies. A petitioner seeking relief pursuant to § 2241 must exhaust his or her administrative remedies. *Carmona*, 243 F.3d at 634; *accord, e.g., Groysman v. Baird*, No. 1:16-CV-4218, 2016 WL 4097087, at *2 (E.D.N.Y. Aug. 1, 2016) ("[A] prerequisite to obtaining federal habeas relief pursuant to 28 U.S.C. § 2241 is the exhaustion of administrative remedies.") (internal quotation marks omitted); *Barber v. Perdue*, No. 9:11-CV-0127 (NAM/DEP), 2012 WL 5996342, at *3 (N.D.N.Y. Nov. 9, 2012). Generally, "[f]ederal prisoners challenging any aspect of their confinement can pursue administrative remedies through the Administrative Remedy Program ('ARP')." *Jobe v. Fed. Bureau of Prisons*, No. 1:14-CV-0701, 2015 WL 4038490, at *3 (S.D.N.Y. June 5, 2015) (citing 28 C.F.R. § 542.10-542.19) & *Martinez v. United States*, 19 F.3d 97, 99 (2d Cir. 1994)); *accord Barber*, 2012 WL 5996342, at *3 (explaining "a prison inmate must first exhaust the remedies available through the BOP's Administrative Remedies Program."). Here, petitioner admittedly has not engaged in the administrative remedies program and is in the middle of having motions decided, involving the same subject matter, in his original criminal case in the Northern District of New York.

4

parole decisions, or prison disciplinary actions); *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) ("[A]ppellant's petition to expunge the Bureau's disciplinary sanctions from his record, including the loss of good time credits, as a challenge to the execution of his sentence rather than the underlying conviction, is properly brought via an application for a writ under § 2241."). Petitions filed under section 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 447 (2004).

Here, petitioner is a federal inmate incarcerated in a BOP facility. *See* Dkt. No. 1-2 (indicating that petitioner's return address is in BOP facility Fort Dix, NJ). Moreover, petitioner contends that his challenge is to how his federal sentence was executed given his prior reduction in his state court sentence. Accordingly, it appears the §2241 petition is the appropriate vehicle since petitioner is a federal inmate challenging the execution of his federal sentence, rather than its imposition. *See Carmona*, 243 F.3d at 632.

However, "[l]ongstanding practice confirms that in habeas challenges to present physical confinement – 'core challenges' – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]" *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Moreover, "[t]he plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443. In sum, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Id.* at 447.

5

Petitioner claims that his continued confinement at Fort Dix is unconstitutional because of how his federal sentence is being executed. Accordingly, it is petitioner's present physical confinement, and not any other type of custody, which gives rise to his purported entitlement to federal habeas relief; therefore, the petition is a core challenge. *Padilla*, 542 U.S. at 438.

Fort Dix is located in Burlington County, New Jersey. *See* Federal Bureau of Prisons: FCI Fort Dix, https://www.bop.gov/locations/institutions/ftd/. Petitioner is not housed in this district nor was he originally housed in the district when he initiated the petition. *See* Dkt. No. 1-2 (indicating return address as FCI Fort Dix in New Jersey). New Jersey only has one federal judicial district. 28 U.S.C. § 110. Accordingly, the petition is transferred to the District of New Jersey, because that is the district within which Burlington County, and petitioner's warden and place of confinement, are found. 28 U.S.C. §§ 1406(a), 2241(a).

## V. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition, Dkt. No. 1, be transferred to the United States District Court for the District of New Jersey; and it is further

**ORDERED** that, given the significant liberty interests at stake and the time-sensitivity of petitioner's claims, this Court waives the seven-day waiting period customarily afforded under the Local Rules and respectfully directs the Clerk to effectuate the transfer as soon as possible; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 26, 2021
      Albany, New York

Mae A. D'Agostino
U.S. District Judge